UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDERICK BANKS                                   CIVIL ACTION NO.
                                                  06-1801
VERSUS

UNION CARBIDE CORPORATION                         SECTION M

ORDER

Before the Court is Defendant's Motion for Summary Judgment which is opposed by Plaintiff and which came for hearing on September 19, 2007 on the briefs. Upon consideration of the facts, the briefs from both sides and the applicable law, the Court grants the motion.

Plaintiff, Frederick Banks was employed with Union Carbide from November 1978 until he retired in January 2005. He worked as an operator technician in the acrylics unit at the Union Carbide plant in Taft, Louisiana.

In February 2001, The Dow Chemical Company acquired Union Carbide, and Roselle Calongne became Banks' department head. Banks testified that he had no problems with any supervisor prior to Calongne, and she is the only person he accuses of discriminating against him.

In April 2002 Banks was promoted to a technologist job by Calongne. Banks admits that he was deficient in several areas of his job, and that he preferred working as an

operator.  Calongne testified that on April 15, 2003, she demoted him back to an operator job. She testified that her decision was based upon several factors including   that she discovered that Banks made some personal charges to his company credit card, that there were three instances where he recorded extra hours on his timecard that he did not work, and that there were a number of performance deficiencies that became apparent during a turnaround at the plant in March, 2003.

Approximately ten months later, in February 2004, Banks was reprimanded for another incident, this one resulted in a spill at the plant.  Banks, as well as two other operators on the shift, were disciplined.  The other two operators were white and younger than Banks.  Calongne further testified that one year later, in January 2005, Banks was involved in a major spill.  He was operating the control board when a "make tank" (where the finished product is stored) was being filled.  The level indicator on the control panel was not going up as the  tank was being filled.  Monitoring these levels is an integral part of the routine job duty of the control board operators.  Banks did not recognize this problem, and because he did not, the tank overflowed, resulting in a chemical spill of approximately 21,000 pounds.  Calongne testified that this neglect is grounds for termination, but the decision was made to take less severe disciplinary action.  Banks received a letter of final warning requiring him to sign a commitment letter agreeing to improve his performance. He decided to retire.

On March 15, 2005, Banks filed a charge of discrimination with the EEOC, alleging that his demotion in 2003 and his retirement in 2005 was racially motivated.   Banks made

no allegation of harassment at the EEOC. The EEOC investigated the allegations and found no evidence supporting his allegations. He then brought this suit. Union Carbide filed this motion for summary judgment.

Banks has no evidence with which to establish a claim of discriminatory discharge. Banks retired after he was reprimanded for a large chemical spill, which he admitted was his fault. Although he alleges that he was "forced" to retire, he brings no evidence to support a claim of constructive discharge under the undisputed facts. Nor does he bring any evidence to show that his race or age played a factor in his reprimand for the spill.

Banks' claim that he was discriminatorily demoted in 2003 is barred because he failed to file his EEOC charge within 300 days after he was demoted. *See* 29 U.S.C.§626(e); 42 U.S.C. 2000 e-5(e). His allegations of harassment were never part of his EEOC charge, and he cannot raise unlawful retaliation because he admits that he never alleged discrimination until after he retired from Union Carbide.

Accordingly, Defendant's Motion for Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 19th day of September, 2007.

Peter Beer
United States District Judge